IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MCOM IP, LLC, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 6:21-cv-00218-ADA |
| | ) | |
| v. | ) | Judge Alan Albright |
| | ) | |
| BBVA USA BANCSHARES, INC., | ) | |
| | ) | *Electronically Filed* |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, BBVA Bancshares, Inc. ("BBVA"), hereby files its Answer to the individually numbered paragraphs of the Complaint of mCom IP ("mCom"), and asserts Affirmative Defenses as follows:

### THE PARTIES

1. BBVA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint. Accordingly, these allegations are denied.

2. BBVA admits that it is a Delaware corporation. BBVA denies that it has a principal place of business located at 10711 Burnet Road, Austin, TX 78758. To the contrary, BBVA's principal place of business is located in Birmingham, Alabama. 10711 Burnet Road, Austin, TX 78758 is the address of a BBVA branch office. BBVA admits that it does business in Texas and, for the purposes of this case only, in the Western District of Texas. BBVA specifically denies that it introduces infringing products or services in this or any other judicial district.

### JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of the Complaint are legal conclusions to which no answer is required. To the extent any answer is required, BBVA admits that this action involves

the United States patent laws and that this Court has subject matter jurisdiction over patent law claims.  BBVA otherwise denies any allegations in Paragraph 3 of the Complaint.

4. This paragraph states a legal conclusion regarding personal jurisdiction to which no response is required.  To the extent any answer is required, BBVA admits that it conducts business in in this Judicial District.  BBVA denies that it has committed acts of infringement of the asserted patent in this or any other district.  Further, to the extent the averments in the Complaint can be understood, BBVA denies that mCom's asserted cause of action arises from any BBVA contacts or activities within the State of Texas and this judicial district.

5. This paragraph of the complaint sets forth a legal conclusion regarding venue to which no response is required.  To the extent any answer is required, BBVA denies that it has committed acts of infringement of the asserted patent in this or any other district.  BBVA denies that mCom's asserted cause of action arises from any BBVA contacts or activities within the State of Texas and this judicial district.  BBVA admits only that it engages in business activities in the State of Texas unrelated to the acts allegedly giving rise to this cause of action.

## INFRINGEMENT CLAIM

6. BBVA admits only that U.S. Patent No. 8,862,508 ("the '508 patent") issued on October 14, 2014 having the title "System and method for unifying e-banking touch points and providing personalized financial services."  BBVA denies that this patent was "duly and legally issued."  BBVA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint.  Accordingly, these allegations are denied.

7. Denied.

8. Denied.

9. Denied. It is further noted that the proposed "claim chart" makes no sense and does not properly attempt to correlate the accused BBVA functionality to the claim limitations.

10. Denied.

11. Denied.

12. Denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's Jury Demand does not require a response by BBVA.

## PLAINTIFF'S PRAYER FOR RELIEF

BBVA denies that Plaintiff is entitled to any of the relief requested in Paragraphs (a) through (g) of the section of Plaintiff's Complaint entitled "Prayer for Relief" and deny any allegations contained therein.

## AFFIRMATIVE DEFENSES

The following defenses are raised to the extent that discovery reveals the same to be appropriate. BBVA reserves the right to allege additional defenses of which it becomes aware during the course of this action.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against BBVA, including, but not limited to, a failure to adequately plead a claim for infringement against BBVA.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

BBVA has not infringed and is not infringing any claims of U.S. Patent No. 8,862,508 under any theory, including direct infringement, infringement by inducement, or contributory infringement.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

U.S. Patent No. 8,862,508 and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. BBVA specifically asserts that the claims of U.S. Patent No. 8,862,508 are invalid under 35 U.S.C. §§ 102 and/or 103 over U.S. Patent No. 7,370,004.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

MCom is estopped from claiming that the patent-in-suit covers any method, system, apparatus, or product of BBVA by virtue of the prior art and/or the prosecution history of U.S. Patent No. 8,862,508.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, Estoppel, and Acquiescence)

MCom's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, estoppel, and/or acquiescence due to, including but not limited to, MCom's unreasonable delay in asserting the patent-in-suit.

**ADDITIONAL DEFENSES, GENERAL DENIAL, AND RESERVATION OF RIGHTS**

BBVA generally denies all allegations of the Complaint not expressly admitted herein. BBVA expressly reserves the right to allege additional defenses of which it becomes aware during the court of this action.

### PRAYER FOR RELIEF

WHEREFORE, BBVA respectfully requests that the Court enter judgment in favor of BBVA and against Plaintiff as follows:

A.      Dismissal of the Complaint herein;

B. Entry of judgment declaring that the claims of U.S. Patent No. 8,862,508 are invalid;

C. A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and for attorneys' fees be awarded to BBVA; and

D. Entry of judgment awarding BBVA such other and further relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), BBVA respectfully requests a trial by jury on all matters raised in its Answer and Affirmative Defenses or in Plaintiff's Complaint.

Respectfully submitted,

**WHITAKER CHALK SWINDLE & SCHWARZ PLLC**

Dated: May 14, 2021

s/ *Decker A. Cammack*
Decker A. Cammack (TX ID No. 24036311)
301 Commerce Street, Suite 3500
Fort Worth, TX 76102
817.878.0578
817.878.0501 (fax)
dcammack@whitakerchalk.com

*AND*

Kent E. Baldauf, Jr. (*PHV Forthcoming*)
Bryan P. Clark (*PHV Forthcoming*)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

*Attorneys for Defendant*

No. 6:21-cv-00218-ADA

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2021, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which sent notification to all counsel of record.

**WHITAKER CHALK SWINDLE & SCHWARZ PLLC**

s/ *Decker A. Cammack*
Decker A. Cammack